**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

William A. Cudd #280216, Appellant,

v.

William R. Byars, Jr., Director, South Carolina Department of Corrections; and Alan Wilson, Attorney General for South Carolina, Respondents.

Appellate Case No. 2013-000167

―――――――――――

Appeal From Dorchester County
Diane Schafer Goodstein, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2013-UP-471
Submitted November 1, 2013 – Filed December 18, 2013

―――――――――――

**AFFIRMED**

―――――――――――

William A. Cudd, pro se.

Christopher D. Florian, of the South Carolina Department of Corrections, of Columbia, for Respondents.

―――――――――――

**PER CURIAM:**  William A. Cudd appeals the circuit court's order dismissing his petition for a writ of habeas corpus, arguing (1) the amendments to section 44-53-370(b)(2) of the South Carolina Code in the Omnibus Crime Reduction and Sentencing Reform Act of 2010 (the Act) apply retroactively and (2) the Act's amendments to section 44-53-370(b)(2) make him "eligible for immediate release." We affirm pursuant to Rule 220(b), SCACR, and the following authorities.

1.  As to whether the circuit court erred in finding the Act's amendments to section 44-53-370(b)(2) of the South Carolina Code do not apply retroactively:  *State v. Brown*, 402 S.C. 119, 127, 740 S.E.2d 493, 496-97 (2013) ("A statute is not to be applied retroactively unless that result is so clearly compelled as to leave no room for doubt.  The statute must contain express words evincing intent that it be retroactive or words necessarily implying such intent.  The only exception to this rule is a statutory enactment that effects a change in remedy or procedure." (internal citations omitted)); *id.* at 127-28, 740 S.E.2d at 497 (holding the circuit court did not err in charging the jury under the prior version of a statute because the Act's savings clause "demonstrates clear legislative intent" not to allow the retroactive application of the Act's amendments); Act No. 273, § 65, 2010 S.C. Acts 2037 (setting forth a savings clause establishing the General Assembly's intent not to "alter, discharge, release, or extinguish any penalty . . . unless the repealed or amended provision shall so expressly provide").

2.  As to whether the circuit court erred in finding Cudd was not entitled to immediate release, even if the Act's amendments to section 44-53-370(b)(2) apply retroactively:  S.C. Code Ann. § 16-1-90(C) (2003 & Supp. 2012) (classifying offenses pursuant to 44-53-370(b)(2) as "[c]lass C felonies"); S.C. Code Ann. § 24-13-100 (2007) (including class C felonies within the definition of "no parole offense"); S.C. Code Ann. § 24-13-150(A) (2007 & Supp. 2012) (requiring a person convicted of a "no parole offense" to serve "at least eighty-five percent of the actual term of imprisonment imposed" to be eligible for early release, discharge, or community supervision); S.C. Code Ann. § 44-53-370(b)(2) (Supp. 2012) (making a person convicted and sentenced pursuant to section 44-53-370(b)(2) for a third or subsequent offense eligible for parole, "notwithstanding any other provision of law," if all of their prior offenses were for simple possession of a controlled substance); *Gibson v. State*, 329 S.C. 37, 40, 495 S.E.2d 426, 427 (1998) ("The only remedy that can be granted [in habeas corpus] is release from custody.").

**AFFIRMED.**[1]

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.